O’Neill, J.
I concur in paragraphs four, five, seven and eight of the syllabus but dissent from paragraphs one and two thereof on the authority of City of Cincinnati v. Public Utilities Commission, 113 Ohio St., 259, 148 N. E., 817, paragraphs one, two and three of the syllabus, approved in City of Marietta v. Public Utilities Commission, 148 Ohio St., 173, 74 N. E. (2d), 74, paragraph one of the syllabus, and City of Cleveland v. Public Utilities Commission, 164 Ohio St., 442, at page 448, 132 N. E. (2d), 216. (See my dissenting opinion in Cincinnati Gas & Electric Co. v. Public Utilities Commission, 173 Ohio St., 473.)
In justifying paragraphs one and two of the syllabus, the majority opinion takes the position that this is a factual matter. In my opinion this position is untenable.
The long-standing rule of law with regard to valuation depreciation is succinctly stated, as follows, in the per curiam opinion in the case of City of Cleveland v. Public Utilities Commission, supra, at page 448:
“Under our statutes, the rate base is the reconstruction cost new of the utility’s property, less actual observed depreciation. ’ ’
Admittedly, the method followed by the commission to make its factual determination can not meet the requirements of this rule of law. In fact, counsel for the commission stated, in answer to a question from the bench during argument, that to sustain the commission’s position would require, in his opinion, the overruling of prior decisions of this court.
In discussing the testimony of the commission engineer relied upon by the commission for its finding, the majority opinion of the court states:
“* * * it is apparent that he reached his conclusions by averaging results obtained by what was termed the ‘office method’ with results obtained by what was termed the ‘field method. ’ ”
The determination to add the results of these two methods selected by the witness and divide the result by two is an arbitrary one for which there is not sufficient basis in fact or in reason demonstrated in the record.